

# CORPORATION SERVICE COMPANY®

## Notice of Service of Process

**SLM / ALL**
**Transmittal Number: 11325531**
**Date Processed: 06/27/2013**

| | |
|---|---|
| **Primary Contact:** | Deidra Thomas<br>Spirit AeroSystems, Inc.<br>M/C K11-60<br>PO Box 78008<br>Wichita, KS 67278-0008 |
| **Copy of transmittal only provided to:** | Ruth Smith |

| | |
|---|---|
| **Entity:** | Spirit AeroSystems, Inc.<br>Entity ID Number  2330281 |
| **Entity Served:** | Spirit Aerosystems, Inc. |
| **Title of Action:** | Daryl Wheeler vs. Spirit Aerosystems, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Tulsa County District Court, Oklahoma |
| **Case/Reference No:** | CJ-2013-02847 |
| **Jurisdiction Served:** | Oklahoma |
| **Date Served on CSC:** | 06/26/2013 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Daniel E. Smolen<br>918-585-2667 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

# EXHIBIT "2"



# IN THE DISTRICT COURT FOR TULSA COUNTY
## STATE OF OKLAHOMA

DARYL WHEELER, an individual,      )
                                    )
            Plaintiff,              )
                                    )   Case No.: **CJ-2013-02847**
vs.                                 )
                                    )   LINDA G. MORRISSEY
SPIRIT AEROSYSTEMS, INC.,           )   ATTORNEY LEIN CLAIME DISTRICT COURT
a foreign for profit business corporation, )   JURY TRIAL DEMANDED **F I L E D**
                                    )
            Defendant.              )               JUN 1 7 2013

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

### PETITION

**COMES NOW** the Plaintiff, Daryl Wheeler, by and through her attorneys of record, Daniel E. Smolen, Lauren G. Lambright and Alexandra M. Lengen of *Smolen, Smolen & Roytman, PLLC*, and brings this action against Defendant, Spirit Aerosystems, Inc., for its violation of her constitutionally protected rights arising out of her employment by Defendant. In support of her Petition, Plaintiff submits the following:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Daryl Wheeler, a female over the age of forty (40), is resident of Rogers County, State of Oklahoma.

2. Defendant, Spirit Aerosystems, Inc. is a foreign for profit business corporation that regularly conducts business in Tulsa County, State of Oklahoma and regularly employs more that fifteen (15) people.

3. The incidents and occurrences which form the basis of Plaintiff's cause of action occurred within Tulsa County, State of Oklahoma.

4. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") complaining of discrimination on

1

the basis of age and gender. A Notice of Right to Sue was received on March 19, 2013, and this Petition has been filed within ninety (90) days of the receipt of the Notice of Right to Sue. As such, all conditions precedent to the filing of this lawsuit have been fulfilled.

5. This is an action for damages and to secure protection of and to redress deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000-2 (hereinafter "Title VII"), providing for relief against discrimination in employment on the basis of gender, as well as the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621 *et seq.* (hereinafter, "the ADEA").

6. This Court has jurisdiction and venue is proper in Tulsa County, State of Oklahoma.

7. Compensatory damages are sought pursuant to 42 U.S.C. §2000e-5(g).

8. Punitive damages are sought pursuant to 42 U.S.C. §1981-A.

9. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. §2000e-5(g).

### FACTS COMMON TO ALL CLAIMS

10. Plaintiff, Daryl Wheeler, incorporates Paragraphs 1-9 as if realleged.

11. Plaintiff began employment with Defendant on August 6, 1984.

12. In 2009, Plaintiff was working in the sanding department where she was required to sand 30-40 foot wings and 737 slabs all day. At this time, her supervisor was Joe Saver.

13. Plaintiff had surgery for carpel tunnel syndrome, which she developed as a result of her job, in 2009. Upon her return from surgery, she was placed back in the

2

sanding department and forced to do the same work that led to her injury in the first place.

14. After filing a grievance against Mr. Saver, Plaintiff was allowed to move to the night shift and Jack Goodnight became her supervisor.

15. Prior to her transfer, Mr. Goodnight and several other men in Plaintiff's department went to HR and asked that Plaintiff not be allowed to transfer to the day shift. Plaintiff was told there were not any openings on the days shift although two younger, male co-workers were allowed to transfer to the day shift at that time.

16. Mr. Goodnight treated Plaintiff much more harshly than any of her younger male co-workers. Mr. Goodnight required Plaintiff to run more parts, hovered over her and constantly scrutinized her performance.

17. In 2010, Plaintiff had both hips replaced.

18. When she returned to work, Mr. Goodnight required Plaintiff to hang parts, which was one of the most physically challenging jobs within the department.

19. However, when Plaintiff's younger male co-worker returned from surgery, he was allowed to take on easier jobs, such as running the crane.

20. Plaintiff requested a transfer to the day shift in order to get away from Mr. Goodnight, and upon her transfer, Billy Dees became Plaintiff's supervisor.

21. Upon her transfer to the day shift, Plaintiff learned that Mr. Goodnight had already instructed Mr. Dees to not let Plaintiff run the crane. Mr. Dees refuses to answer any of Plaintiff's questions regarding her work, and forces her to go ask Mr. Goodnight.

3

22. In addition to the discriminatory placements, Plaintiff is harassed by the men she works with. They make fun of her limp and the way she walks and Mr. Goodnight has called her a "bitch" when speaking to Plaintiff's co-workers.

23. In December 2012, Plaintiff arrived to work to find the lock to her locker wired shut with aluminum wire. A few days later, Plaintiff's lock was glued shut forcing her to cut it open.

24. When she returned to work in January 2013 following the holiday break, Plaintiff found that a big hole had been punched in her locker.

25. Plaintiff has reported the discriminatory treatment and harassment she has suffered to HR, but no one has ever investigated her complaints or issued any discipline.

26. Plaintiff was subjected to unequal terms and conditions of employment than her younger, male co-workers and as such, Defendant has violated Title VII of the Civil Rights Act of 1964 and the ADEA.

**FIRST CLAIM FOR RELIEF:**
**Disparate Treatment on the Basis of Gender in Violation of Title VII of the Civil Rights Act of 1964 42 U.S.C. §§ 2000(e), *et. seq.***

27. Plaintiff, Daryl Wheeler, incorporates Paragraphs 1-26 as if realleged.

28. The foregoing conduct violates Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000(e), *et. seq.*

29. Defendant has a historical pattern and practice of gender discrimination.

30. Plaintiff experienced disparate treatment compared to her similarly situated male coworkers with regard to job assignments, training, benefits and accommodation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000(e), et. seq.

4

31. Defendant's discriminatory practices have caused Plaintiff to suffer humiliation, embarrassment, and emotional distress.

32. Defendant committed the acts alleged with malice or reckless indifference to the protected rights of Plaintiff. Plaintiff is thus entitled to recover punitive damages in an amount to be determined according to proof.

33. Upon information and belief, Plaintiffs' disparate treatment was motivated in substantial part by her gender, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

    a. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
    b. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
    c. Their attorney fees and the costs and expenses of this action;
    d. Injunctive Relief
    e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF:
### Disparate Treatment on the Basis of Age in Violation of the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. 621 *et seq.* (the "ADEA")

34. Plaintiff, Daryl Wheeler, incorporates Paragraphs 1-33 as if realleged.

35. The foregoing conduct violates the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. 621 *et seq.*

36. Defendant has a historical pattern and practice of age discrimination.

37. Plaintiff experienced disparate treatment compared to co-workers under the age of forty (40) with regard to job assignments, training, benefits and accommodation in violation of the ADEA.

5

38. Defendant's discriminatory practices have caused Plaintiff to suffer humiliation, embarrassment, and emotional distress.

39. Defendant committed the acts alleged with malice or reckless indifference to the protected rights of Plaintiff. Plaintiff is thus entitled to recover punitive damages in an amount to be determined according to proof.

40. Upon information and belief, Plaintiff disparate treatment was motivated in substantial part by her age, in violation of the ADEA.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

    a.  Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
    b.  Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
    c.  Their attorney fees and the costs and expenses of this action;
    d.  Injunctive Relief
    e.  Such other relief as the Court deems just and equitable.

### THIRD CLAIM FOR RELIEF:
### Intentional Infliction of Emotional Distress

41. Plaintiff, Daryl Wheeler, incorporates Paragraphs 1-40 as if realleged.

42. Defendant's actions of intentional and malicious discrimination are extreme and outrageous and have caused severe emotional and psychological damage to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

    a.  Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
    b.  Punitive damages for the intentional and knowing acts of discrimination committed by Defendants' management and executives;
    c.  Their attorney fees and the costs and expenses of this action;
    d.  Such other relief as the Court deems just and equitable.

6

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant them the relief sought including, but not limited to, actual damages and punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, reasonable attorneys fees, injunctive relief, and all other relief deemed appropriate by this Court.

Respectfully submitted,

Daniel E. Smolen, OBA# 19943
Lauren G. Lambright, OBA# 22300
Alexandra M. Lengen, OBA# 31132
SMOLEN, SMOLEN & ROYTMAN, PLLC
701 S. Cincinnati Avenue
Tulsa, Oklahoma 74119
P: (918) 585-2667
F: (918) 585-2669
*Attorneys for Plaintiff*

7